UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT McFADDEN,

                Plaintiff,

-against-

SUPERINTENDENT WILLIAM KEYSER;
DEPUTY SUPERINTENDENT OF SECURITY
GARY SIPPLE; CAPTAIN KENNETH LETUS;
SERGEANT LISA WILSON; SERGEANT
RONALD MILLER; FOOD SERVICES
ADMINISTRATOR ANTHONY RIZZUTO;
HEAD COOK JOHN PAPAVASILOU; COOK
ANTHONY CARMINATI; INMATE
GRIEVANCE PROGRAM SUPERVISOR
CORY PROSCIA; HEAD CHAPLIN
OGBONNA STAINISLAUS; NURSE
KATHLEEN BUTTLES; C.O. WILLIAM
ELBERTH; C.O. EDMUND PUERSCHNER;
C.O. TIMOTHY DOEINCK; C.O. OFFICER
KINNE; C.O. RYAN SOUTHARD; C.O. PAUL
HOLLAND; C.O. STEVE RYDER; C.O.
GEORGE GILMOUR, SR.; HEARING
OFFICER MORROW,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/21/2025__

23-CV-802 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, who is currently incarcerated in the Mid-State Correctional Facility, brought this *pro se* action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, regarding events that allegedly occurred at the Sullivan Correctional Facility, between 2019 and 2022. By Opinion and Order dated March 18, 2025, this Court granted in part and denied in part the Defendants' motion to dismiss pro se Plaintiff's claims. (ECF No. 76.) Plaintiff was granted leave to file an Amended Complaint by May 5, 2025, later extended to July 28, 2025.

      Plaintiff, by letters received July 7, 2025 and July 14, 2025, seeks a teleconference and appointment of pro bono counsel, respectively. (ECF Nos. 79, 81.)

First, the Court DENIES, without prejudice, Plaintiff's letter request received July 7, 2025 seeking a teleconference, in part, to discuss his difficulty accessing mail and the law library while incarcerated. While Plaintiff has neither timely filed an Amended Complaint, nor sought an additional extension to file, in an abundance of caution given Plaintiff's stated difficulties, the Court grants Plaintiff an extension until September 30, 2025 to file an amended complaint. Defendants are directed to answer, seek leave to dismiss, or otherwise respond by October 21, 2025. However, if pro se Plaintiff fails to timely file an amended complaint, Defendants' answer filed on August 18, 2025 (ECF No. 82) will stand.

Second, the Court DENIES, for a third time without prejudice, pro se Plaintiff's request for pro bono counsel. Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation,

the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Here, the proceedings are still in their early stages, and the parties have yet to enter discovery or make summary judgment motions. Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses. Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, nor do the legal issues in this case appear to be particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 81, mail a copy of this Order to Plaintiff at his address as listed on ECF, and to show service on the docket.

SO ORDERED.

Dated:   August 21, 2025
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

3