UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROBERT MCFADDEN,

               Plaintiff,

      -against-

SUPT. WILLIAM KEYSER, GARY SIPPLE,
KENNETH LETUS, LISA WILSON,
RONALD MILLER, ANTHONY RIZZUTO,
JOHN PAPAVASILIOU, ANTHONY
CARMINATI, CORY PROSCIA, OGBONNA
STAINISLAUS, KATHLEEN BUTTLES,
WILLIAM ELBERTH, EDMUND
PUERSCHNER, TIMOTHY DOEINCK,
OFFICER KINNE, RYAN SOUTHARD,
PAUL HOLLAND, STEVEN RYDER,
GEORGE GILMOUR, SR., DHO MORROW,
and MARK PUERSCHNER,

               Defendants.

-----------------------------------------------------------X

**ORDER**

23 Civ. 802 (NSR)(JCM)

Presently before the Court is *pro se* plaintiff Robert McFadden's ("Plaintiff") application for the appointment of *pro bono* counsel, filed on April 17, 2026. (Docket No. 98).  Plaintiff has made multiple requests for the appointment of *pro bono* counsel, including a recent request on December 29, 2025. (Docket No. 90).  The Honorable Nelson S. Román denied Plaintiff's last application without prejudice on January 5, 2026. (Docket No. 91).  For the reasons set forth below, which largely mirror those articulated by Judge Román in prior orders, (Docket Nos. 17, 78, 83, 91), the Court denies Plaintiff's request with leave to renew should circumstances change.

Although there is no constitutional right to counsel in civil cases, courts have the authority to request an attorney for any person unable to afford counsel. 28 U.S.C. § 1915(e)(1).

However, the court has "[b]road discretion . . . in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, the court must undertake two initial inquires: (1) whether Plaintiff can afford counsel; and, if not, (2) whether the merits of the case and Plaintiff's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge*, 802 F.2d at 61-62).

Only after making these initial findings may the court consider secondary factors, such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (quoting *Hodge*, 802 F.2d at 61-62). Since the court "does not have a panel of attorneys who can be compelled to take on civil cases *pro bono*, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 12 Civ. 1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).[1]

Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on February 1, 2023. (Docket No. 5). Thus, Plaintiff has demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004). The Court further assumes, for the purposes of this application, that Plaintiff's claims may have merit.

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

The instant application is not Plaintiff's first request for the appointment of *pro bono* counsel, and Plaintiff asks the Court to also consider the prior filings on the docket when deciding the present request. (Docket No. 98 at 7).[2]

Plaintiff filed his first request for the appointment of *pro bono* counsel on August 4, 2023. (Docket No. 16).  In support of that motion, Plaintiff alleged that he was he was having difficulty receiving mail and did not have access to the law library. (*Id.* at 3).  Judge Román denied that motion on August 17, 2023, stating that "the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses.  Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, nor do the legal issues in this case appear to be particularly complex." (Docket No. 17).

Plaintiff made his second request on April 11, 2025, alleging that he had "zero legal knowledge for this case," was still unable to access the law library, and had been unsuccessful in securing counsel on his own. (Docket No. 77 at 2).  Included therein were several letters indicating that Plaintiff had reached out to various legal services to request assistance with this case and others legal matters in which he was involved. (*Id.* at 4-25).  Additionally, the letters showed that Plaintiff's motion for appointment of *pro bono* counsel was granted in his case in the Western District of New York (*McFadden v. Bradley, et al.*, 22 Civ. 74 (JLS)). (*Id.* at 5-6). Judge Román denied Plaintiff's April 11, 2025 motion on May 13, 2025. (Docket No. 78).

Plaintiff filed his third motion for the appointment of *pro bono* counsel on July 14, 2025. (Docket No. 81).  In support of that request, Plaintiff enumerated six reasons he required counsel: (1) he is unable to afford counsel; (2) the issues in the case are complex; (3) he has

---

[2] All page number citations herein refer to the page number assigned upon electronic filing unless otherwise noted.

limited access to the law library; (4) he has "several serious chronic pain conditions"; (5) he has

unsuccessfully sought assistant from several attorneys; and (6) he has "very limited knowledge

of the law." (*Id.* at 1-2). Plaintiff also included several letters from the Prisoners' Legal Services

of New York regarding records requests. (*Id.* at 14-19). Judge Román denied that motion on

August 21, 2025, stating that "the Court is unable to conclude that Plaintiff cannot handle the

case without assistance, although this conclusion may change as the action progresses.

Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance

of success, nor do the legal issues in this case appear to be particularly complex." (Docket No.

83).

Plaintiff filed his fourth request for appointment of *pro bono* counsel on December 29,

2025, alleging that he did "not have the skills or ability to conduct the deposition of any

defendants effectively, nor handle the trial." (Docket No. 90). Plaintiff also stated that "law

clinic services" had not responded to him. (*Id.*). Judge Román denied that motion on January 5,

2026, finding that "Plaintiff's motion for appointment of pro bono counsel does not establish that

he has attempted to seek counsel independently, with no success. Additionally, the Court is

unable to conclude that Plaintiff's claims are likely to have merit at this early stage in the

proceedings, although this conclusion may change as the action progresses. As of now, the case

is only in discovery." (Docket No. 91).

In support of the present motion before the Court, Plaintiff argues that his recent transfer

to Lake View Correctional Facility has interfered with his ability to handle this case. (Docket

No. 98 at 1). Since the transfer, Plaintiff explains that he has not been given access to his

personal effects, including discovery, resource material, and legal documents related to this case.

(*Id.*).  Therefore, Plaintiff is asking that *pro bono* counsel be appointed to "conduct the rest of discovery [and] depositions of the Defendants." (*Id.* at 7).

Considering Plaintiff's motions collectively, the Court finds no material change in Plaintiff's circumstances since the denial of Plaintiff's most recent application for *pro bono* counsel. *See Colon-Regus v. FEGS Health & Hum. Serv. Sys.*, No. 12 Civ. 2223 (AT)(KNF), 2013 WL 6200929, at *2 (S.D.N.Y. Nov. 27, 2013) (holding where no change in circumstances "such as the filing of an amended complaint with additional factual allegations has occurred[] since the plaintiff last requested that the court appoint *pro bono* counsel . . . appointing *pro bono* counsel to assist the plaintiff is not warranted").  The case remains in discovery, which is set to conclude on May 1, 2026, and the parties have not yet moved for summary judgment.

Thus, at this time, the Court is not persuaded that the appointment of counsel is warranted under the secondary factors articulated in *Hodge*.  Moreover, Plaintiff has not remedied Judge Román's prior finding that he failed to sufficiently demonstrate that he attempted to obtain counsel independently without success. (Docket No. 91).  Although Plaintiff's second motion for the appointment of *pro bono* counsel included several letters indicating that he had contacted various legal services, (Docket No. 77 at 4-25), most of those letters appear to concern matters unrelated to this case.  Specifically, Plaintiff included letters indicating that he was appointed *pro bono* counsel for his case in the Western District of New York (22 Civ. 74), (*id.* at 5-6); a letter Plaintiff wrote to the Honorable John L. Sinatra, Jr., (*id.* at 7-11); a letter from the Urban Justice Center regarding a study of programming and mental health treatment provided to incarcerated inmates, (*id.* at 12-13); a letter from the Urban Justice Center to the inmate records coordinator at Mid-State Correctional Facility requesting documents related to grievances Plaintiff filed, (*id.* at 14-15); two letters from the Prisoners' Legal Services of New York declining to accept a new

case from Plaintiff and providing updates on other pending matters they were working on, (*id.* at 16-17); a letter from the Legal Aid Society regarding Plaintiff's medical needs, (*id.* at 18); letters from the Prisoners' Legal Services of New York regarding access to legal calls and medical records, (*id.* at 19-21); and letters regarding the Washington Square Legal Services, Inc. student clinic relating to an appeal for Plaintiff on a different matter, (*id.* at 22-25). Only one letter appears to reflect a denial of representation in this matter – a letter from Bloch & White, LLP, dated March 24, 2025. (*Id.* at 4). Plaintiff has not demonstrated any further attempts to secure counsel in the more than one year since that letter, despite proving himself capable of retaining counsel in other matters.

Plaintiff further argues that he requires the assistance of counsel because he has been harassed by prison staff, has significant health issues, and has not received his legal resources, documents, and discovery after he was transferred. (Docket No. 98 at 1-11). The Court finds that this case does not present any complex legal issues and observes that Plaintiff has thus far demonstrated an ability to represent himself. In fact, Plaintiff has independently filed the Complaint, (Docket No. 2), a request to proceed *in forma pauperis*, (Docket No. 1), the instant motion, (Docket No. 98), as well as prior applications for the appointment of *pro bono* counsel, (Docket Nos. 16, 77, 81, 90). The record is replete with letters and motions that Plaintiff filed *pro se*. (*See, e.g.*, Docket Nos. 10, 14, 41, 61, 63, 64, 66-68, 73, 86, 87). Furthermore, Plaintiff has represented that he is engaged in civil litigation in several different districts and court systems, including the Northern and Western Districts of New York. (Docket No. 98 at 4).

Accordingly, because the Court does not find any circumstances warranting the appointment of *pro bono* counsel at this time, Plaintiff's application for appointment of counsel

is denied with leave to renew should circumstances change.[3] *See Ross v. Brown*, No. 09 Civ.

5737 (PKC)(DCF), 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010).

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se*

Plaintiff.

Dated:  April 27, 2026
        White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge

---

[3] Plaintiff's additional request for his "entire case file [and] the documents on the docket again," (Docket No. 98 at 8-9), was addressed during the telephone conference on April 24, 2025, at which time the Court directed Defendants to resend Plaintiff copies of all previously produced discovery. (*See* Minute Entry for Apr. 24, 2026).