UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ROBERT MCFADDEN,

                Plaintiff,

      -against-

SUPT. WILLIAM KEYSER, GARY SIPPLE,
KENNETH LETUS, LISA WILSON,
RONALD MILLER, ANTHONY RIZZUTO,
JOHN PAPAVASILIOU, ANTHONY
CARMINATI, CORY PROSCIA, OGBONNA
STAINISLAUS, KATHLEEN BUTTLES,
WILLIAM ELBERTH, EDMUND
PUERSCHNER, TIMOTHY DOEINCK,
OFFICER KINNE, RYAN SOUTHARD,
PAUL HOLLAND, STEVEN RYDER,
GEORGE GILMOUR, SR., DHO MORROW,
and MARK PUERSCHNER,

                Defendants.

---------------------------------------------------------X

**ORDER**

23 Civ. 802 (NSR)(JCM)

     *Pro se* plaintiff Robert McFadden ("Plaintiff") filed an application for the appointment of *pro bono* counsel on April 17, 2026. (Docket No. 98). On April 27, 2026, the Court denied Plaintiff's request with leave to renew should circumstances change ("April Order"). (Docket No. 99). On April 28, 2026, the Clerk of Court updated the docket with a receipt demonstrating that a copy of the April Order was mailed to Plaintiff at his current mailing address. Presently before the Court is a supplemental letter from Plaintiff in further support of his application for the appointment of counsel, dated May 3, 2026 ("May Letter"), and received by the Court on May 7, 2026. (Docket No. 100). To the extent that the May Letter constitutes a request for the

Court to reconsider the April Order,[1] that application is denied for the reasons set forth below.

"[M]otions for reconsideration in the Southern District of New York are governed by Local Rule 6.3." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004).[2]  "The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the . . . court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).  In the Second Circuit, granting reconsideration "is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).  It is "not a substitute for appeal . . . nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision." *Id.* (internal citations omitted).  The movant may not use the motion "to start a new round of arguments," nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera*, 2004 WL 1943099, at *2 (citation omitted).

To succeed on a motion for reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying

---

[1] "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  Therefore, the Court may, "[i]n deference to [Plaintiff's] *pro se* status," construe Plaintiff's "letter as a motion for reconsideration." *Walker v. Wolcott*, 21 Civ. 196 (AT), 2021 WL 5299196, at *1 (S.D.N.Y. Nov. 15, 2021); *see also Turner v. Naphcare*, 19 Civ. 412 (LGS), 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020).

[2] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

motion." *Dellefave*, 2001 WL 286771, at *1; *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

As explained in the April Order, (Docket No. 99), courts have the authority to request an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, the court has "[b]road discretion . . . in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, the court must undertake two initial inquires: (1) whether Plaintiff can afford counsel; and, if not, (2) whether the merits of the case and Plaintiff's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge*, 802 F.2d at 61-62).

Only after making these initial findings may the court consider secondary factors, such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (quoting *Hodge*, 802 F.2d at 61-62). Since the court "does not have a panel of attorneys who can be compelled to take on civil cases *pro bono*, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 12 Civ. 1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).

In the April Order, the Court considered all of Plaintiff's submissions in support of his multiple motions for the appointment of *pro bono* counsel in deciding his most recent application. (Docket No. 99 at 5).[3]  The Court found that there was no material change in Plaintiff's circumstances since the denial of Plaintiff's prior application for *pro bono* counsel. (*Id.*).  Moreover, the Court found that the appointment of counsel was not warranted under the secondary factors articulated in *Hodge*. (*Id.*).  At that time, Plaintiff had not remedied Judge Román's prior finding that he failed to sufficiently demonstrate that he attempted to obtain counsel independently without success. (Docket No. 91).  Additionally, the Court found that this case does not present any complex legal issues. (Docket No. 99 at 6).  Furthermore, the Court found that Plaintiff has demonstrated an ability to represent himself *pro se* by filing the Complaint, (Docket No. 2), seeking leave to proceed *in forma pauperis*, (Docket No. 1), and submitting multiple applications for appointment of *pro bono* counsel, (Docket Nos. 16, 77, 81, 90, 98), as well as numerous letters and motions, (*see, e.g.*, Docket Nos. 10, 14, 41, 61, 63, 64, 66-68, 73, 86, 87).  Therefore, the Court denied Plaintiff's request for the appointment of *pro bono* counsel without prejudice.

In the May Letter, Plaintiff argues that he has "continued [unsuccessfully] to seek counsel on [his] own, to represent [him] in the instant case." (Docket No. 100 at 1).  In support of this assertion, Plaintiff includes a letter from Phillips Lytle LLP, dated March 5, 2026, declining to represent him in the present case. (*Id.* at 2).  The letter also sets forth that Phillips Lytle LLP represents Plaintiff in his pending matter in the Western District of New York (*McFadden v. Conners, et al.*, 19 Civ. 766 (JLS)(LGF)), but that representation does not extend to the present matter. (*Id.*).

---

[3] All page number citations herein refer to the page number assigned upon electronic filing unless otherwise noted.

As a preliminary matter, it is improper for Plaintiff to ask the Court to consider evidence in support of a motion for reconsideration when that evidence was available but not provided in support of the underlying motion. *See Am. Nat. Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 245 (S.D.N.Y. 2003) ("parties may not present new facts or theories at [the motion for reconsideration] stage"). However, courts can consider "newly discovered" evidence when deciding a motion for reconsideration. *See Pettiford v. City of Yonkers*, 14 Civ. 6271 (JCM), 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020). "[O]nly when evidence is truly newly discovered does it become proper grounds for a motion for reconsideration." *Atl. States Legal Found., Inc. v. Karg Bros.*, 841 F. Supp. 51, 57 (N.D.N.Y. 1993).

The Court is not persuaded that the evidence provided in the May Letter is newly discovered. The letter from Phillips Lytle LLP is dated March 5, 2026, more than seven weeks prior to the entry of the April Order. Moreover, even if Plaintiff had not received Phillips Lytle LLP's letter prior to filing his most recent motion for the appointment of *pro bono* counsel, (Docket No. 98), he had already initiated contact with the law firm regarding representation at that time. However, Plaintiff did not provide that information to the Court in support of his previous motion. Accordingly, the Court finds that Plaintiff's proffered evidence is not newly discovered, and therefore, not properly before the Court on his motion for reconsideration. *See Pettiford*, 2020 WL 1989419, at *2 ("Newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration.").

Even assuming, *arguendo*, that Phillips Lytle LLP's letter constitutes newly discovered evidence, it still does not warrant granting Plaintiff reconsideration of the April Order. One letter from a law firm does not remedy Judge Román's prior finding that Plaintiff failed to sufficiently demonstrate that he attempted to obtain counsel independently without success. *See*

*Herbert v. SanFeliz*, Case No. 22-CV-4299 (KMK), 2026 WL 189506, at *3 (S.D.N.Y. Jan. 23, 2026) (a showing of "minimal effort . . . does not itself justify the need to request counsel"); *Campbell v. Lantz*, Civil Action No. 3:19-cv-1512 (CSH), 2019 WL 6771417, at *18 (D. Conn. Dec. 12, 2019) ("For Plaintiff to make a sufficient showing [in support of his motion for the appointment of counsel], he would need to contact at least three attorneys and present corroborating proof of these efforts."); *El-Massri v. New Haven Corr. Ctr.*, Civil Action No. 3:18-cv-1249 (CSH), 2019 WL 13556973, at *3 (D. Conn. Jan. 31, 2019) (finding that a plaintiff had not sufficiently sought to obtain counsel when he contacted two attorneys and no legal assistance programs); *Hesse v. SunGard Sys. Int'l*, No. 12 Civ.1990 (CM)(JLC), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (finding that a plaintiff's search for counsel was "not exhaustive" for the purposes of warranting appointment under *Hodges* where the plaintiff did "not say that he also attempted to obtain counsel through legal clinics or other non-profit organizations and was unsuccessful").

Moreover, even where "Plaintiff has shown more than a minimal effort with his search, that search does not itself demonstrate the need to request counsel where other factors weigh against such a request." *Rodriguez v. Palmer*, No. 21-CV-8078 (KMK), 2024 WL 3014108, at *3 (S.D.N.Y. June 13, 2024). Here, Plaintiff has not remedied the Court's finding in the April Order that the appointment of counsel is not warranted under the remaining secondary factors articulated in *Hodge*. Specifically, the Court found that this case does not present any complex legal issues, and Plaintiff has thus far demonstrated an ability to represent himself. (Docket No. 99 at 6). Therefore, Plaintiff has not "demonstrate[d] that the Court overlooked controlling decisions or factual matters that were put before it" in consideration of the April Order. *Dellefave*, 2001 WL 286771, at *1. Thus, Plaintiff has failed to meet the threshold requirement

- 7 -

of a motion for reconsideration.

Accordingly, because the Court does not find any circumstances warranting reconsideration of Plaintiff's application for appointment of *pro bono* counsel, Plaintiff's motion for reconsideration is denied.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated: May 20, 2026
        White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge