USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MCFADDEN,

Plaintiff,

-against-

SUPT. WILLIAM KEYSER, *et al*.,

Defendants.

7:23-cv-00802 (NSR)

**MEMORANDUM & ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is *pro se* Plaintiff Robert McFadden's ("Plaintiff") application for the appointment of *pro bono* counsel, filed on August 21, 2026. (ECF No. 112.) This is Plaintiff's seventh application of this nature. (*See* ECF Nos. 16, 77, 81, 90, 98, 100, 112.) Most recently, on April 27, 2026, the Honorable Judith C. McCarthy denied Plaintiff's previous application without prejudice. (ECF No. 99.) Judge McCarthy likewise denied Plaintiff's application for reconsideration on May 20, 2026. (ECF No. 103.) For the following reasons, which largely echo the reasoning set forth in both this Court's and Judge McCarthy's prior orders, Plaintiff's application for *pro bono* counsel is DENIED.

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether *the pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

Consistent with Judge McCarthy's prior order, the Court finds no material change in Plaintiff's circumstances since the denial of his most recent application for *pro bono* counsel. *See Colon-Regus v. FEGS Health & Hum. Serv. Sys.*, 2013 WL 6200929, at *2 (S.D.N.Y. Nov. 27, 2013) (holding where no change in circumstances "such as the filing of an amended complaint with additional factual allegations has occurred[] since the plaintiff last requested that the court appoint *pro bono* counsel . . . appointing *pro bono* counsel to assist the plaintiff is not warranted"). Although Defendants have since moved for summary judgment, that development does not, on its own, warrant a different conclusion. Plaintiff still has not demonstrated that he has attempted to obtain counsel independently without success. Indeed, as evidence of Plaintiff's attempt to obtain counsel, he provides only a single letter from an attorney declining to accept his case. (*See* ECF

No. 112, Ex. A.) Plaintiff asks the Court to review his previous letters reflecting his attempts to obtain counsel, (*see id*. at 10), but Judge McCarthy has already acknowledged that "most of those letters appear to concern matters unrelated to this case." (ECF No. 99 at 5.) The Court, as a result, finds no basis to depart from the conclusions reached in the prior orders denying Plaintiff's requests for counsel.

Plaintiff's motion for appointment of *pro bono* counsel is therefore DENIED without prejudice to renewal at a later stage in the proceedings. Plaintiff is advised that there is a *Pro Se* Law Clinic at the City Bar Justice Clinic, which is available to assist self-represented parties in civil cases. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court. To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. The Clinic can be reached by phone (212-382-4794) or email (fedprosdny@nycbar.org)

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF, show service on the docket, and terminate the motion at ECF No. 112.

Dated: August 27, 2026
White Plains, New York

SO ORDERED:



NELSON S. ROMÁN
United States District Judge